IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01120-BNB
(**The above civil action number must appear on all future papers
sent to the court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

NEHEMIAH GARCIA,

     Applicant,

v.

GREG WILSON, Chief Denver Sheriff, and
WALT PESTERFIELD, Director of the Colorado Division of Parole,

     Respondents.

---

ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES AND
FILE AMENDED APPLICATION

---

Applicant, Nehemiah Garcia, currently is incarcerated at the Denver County Jail on a parole hold.  He submitted *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1).  As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined that the submitted document is deficient as described in this order.  Applicant will be directed to cure the following if he wishes to pursue any claims in this court in this action.  Any papers that Applicant files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)   X   is not submitted
(2)   __   is missing affidavit
(3)   __   is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)   X   is missing certificate showing current balance in prison account
(5)   __   is missing required financial information

(6) __ is missing an original signature by the prisoner
(7) __ is not on proper form (must use the court's current form)
(8) __ names in caption do not match names in caption of complaint, petition or habeas application
(9) _X_ other:  § 1915 motion and affidavit and certificate showing current balance in prison account only are necessary if $5.00 filing fee is not paid in advance

**Complaint, Petition or Application**:
(10) __ is not submitted
(11) _X_ is not on proper form
(12) __ is missing an original signature by the prisoner
(13) __ is missing page nos. __
(14) __ uses et al. instead of listing all parties in caption
(15) __ names in caption do not match names in text
(16) __ addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(17) _X_ other:  The only proper Respondent in a habeas corpus action is Applicant's current warden, superintendent, jailer or other custodian.

The Court must construe the application liberally because Mr. Garcia is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Garcia will be ordered to file an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

The application Mr. Garcia submitted to the Court on April 18, 2014, fails to provide any factual support for his asserted claims.  The Federal Rules of Civil Procedure apply to applications for habeas corpus relief.  *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).  Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to

relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Furthermore, pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts (Section 2254 Rules), Mr. Garcia must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Therefore, the amended application Mr. Garcia will be directed to file must allege in a clear and concise manner both the § 2241 claims he seeks to raise and the specific facts to support each asserted claim.

The only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Section 2254 Rules; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995).

Accordingly, it is

ORDERED that Applicant, Nehemiah Garcia, cure the deficiencies designated above and file an amended application that complies with this order **within thirty (30) days from the date of this order**. Any papers that Applicant files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Applicant shall obtain the court-approved forms for

filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use those forms in curing the designated deficiencies and filing the amended application.  It is

FURTHER ORDERED that, if Applicant fails to cure the designated deficiencies and file an amended application that complies with this order **within thirty (30) days from the date of this order**, the application will be denied and the action dismissed without further notice.  The dismissal shall be without prejudice.

DATED April 23, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge